UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS WAYNE BROWN, II,

    Plaintiff,

v.                                                    CASE NO. 8:24-cv-894-SDM-AEP

NAPHCARE HEALTH SERVICES,
DR. OGAGA,

    Defendants.
_____/

**ORDER**

    Brown's complaint alleges that the defendants are violating his civil rights by prescribing him improper medication while serving his sentence in the Hillsborough County jail. Brown moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Brown must file an amended complaint.

    Brown names as the defendants Naphcare Health Care Services and Dr. Ogaga, who is employed by Naphcare as a doctor at the Hillsborough County jail. Brown cannot pursue a Section 1983 action based only on a defendant's position as the

employer of someone who allegedly wronged Brown. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Consequently, the complaint is insufficient to state a claim against Naphcare Health Care Services.

Also, Brown must amend his claim that Dr. Ogaga has provided "inadequate medical care, deliberate indifference to my serious medical needs." (Doc. 1 at 3) Brown alleges that he experiences diabetic neuropathy in his hands and feet and that Dr. Ogaga has prescribed "cymbalta 60 mg," which Brown both asserts is medication for a mental health condition and represents is medication he refuses because it makes him sick. Brown states that he has advised medical personnel both orally and through the administrative grievance process that "gabapentin 800mg twice daily" effectively treats his condition without the side effect "cymbalta" causes and that Naphcare prescribed him "gabapentin" in prior stays in the jail. One of the responses to his requests advises that "gabapentin is not a protocol drug in the jail anymore." (Doc. 1 at 22)

A state has the constitutional obligation to provide adequate medical care to those whom it confines. *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995); *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989). The standard for a prisoner claiming medical

mistreatment is well-established: a prisoner must allege and show that an official acted with deliberate indifference to a serious medical need. A difference of opinion over matters of medical judgment, in either diagnosis or treatment, supports no constitutional claim. "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). *See Fischer v. Federal Bureau of Prisons*, 349 F. App'x 372, 374 (11th Cir. 2009);[1] *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Moreover, while "failure to substitute a more effective medication may constitute negligence, it does not rise to the level of deliberate indifference." *Monteleone v. Corizon*, 686 F. App'x 655, 659–60 (11th Cir. 2017).

However, affording the complaint a generous interpretation, Brown alleges not only that Dr. Ogaga will not prescribe the medication that Brown wants — an allegation that would fail to state a claim under Section 1983 — but that the only medication that Dr. Ogaga prescribes makes him sick such that he refuses to take the medication. Consequently, Brown is allegedly provided no medication that he can consume for his diabetic neuropathy.

Lastly, Brown moves for both greater indigent supplies (Docs. 3 and 5) and for leave to amend (Doc. 6) to correct omissions in his complaint. A confined person must

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

have both "meaningful access to the courts," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and "a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 357 (1996). Brown's filings in just this federal court belie Brown's asserted lack of indigent supplies. *Brown v. Naphcare Healthcare Services*, 8:24-cv-936-TPB-NHA (opened 4/18/2024 and dismissed as a duplicate to the present action); *Brown v. Hillsborough County Jail*, 8:24-cv-1102-KKM-UAM (opened 5/8/2024 and dismissed for failing to comply with court orders); *Brown v. Cronister*, 8:24-cv-1611-SDM-AEP (opened 7/8/2024); *Brown v. Cronister*, 8:24-cv-1638-MSS-NHA (opened 7/10/2024). Brown is entitled to a reasonable quantity of indigent supplies, not unlimited supplies.

And as determined above, Brown must file an amended complaint, which must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."). *See also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Brown is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice. The clerk must send to Brown the required civil rights complaint form. The motions for leave to proceed *in forma pauperis* and to file an amended complaint (Docs. 2 and 6) are **GRANTED**. The motions (Docs. 3 and 5) for greater indigent supplies are **DENIED**.

## A CAUTION TO MR. BROWN

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the

Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Brown is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 12, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE